George Beisheim, Jr., J.
The petitioners, the Taubman Company, Inc., A. Alfred Taubman and Leonard Dobbs, have obtained an order to show cause why there should not be made available to them, for inspection and copying*, the record of the examination of the respondent, Getty Square Plaza Corporation (hereinafter referred to as Getty Square Plaza) conducted by the respondents, the City of Yonkers, the Yonkers Community Development Agency, and the Mayor and City Manager of the City of Yonkers and the Chairman of the Yonkers Community Development Agency, in connection with the claim filed by Getty Square Plaza against the City of Yonkers and the other afore-mentioned respondents. Petitioners contend that they are entitled to the relief sought pursuant to subdivision 3 of section 50-h of the General Municipal Law. The respondent, *477 Getty Square Plaza, opposes the motion while the City of Yonkers and the other respondents take no position as to the merits of the motion.
The petitioners and respondents seem to be in agreement as to certain facts which form the background for the instant motion. Getty Square Plaza previously entered into a sponsorship agreement and lease with the City of Yonkers and the Yonkers Urban Renewal Agency, currently known as the Yonkers Community Development Agency, pursuant to which Getty Square Plaza was granted exclusive rights to redevelop and lease an area of downtown Yonkers known as Getty Square. The sponsorship agreement and lease were terminated in May, 1973, and in connection with said termination and certain preceding events, controversies have arisen between Getty Square Plaza on the one hand and the petitioners and all of the respondents other than Getty Square Plaza on the other hand.
Getty Square Plaza previously instituted an action against the petitioners in the United States District Court for the Southern District of New York in which it asserted in its complaint, inter alia, that the petitioners, in violation of their duties as joint venturers, appropriated Getty Square Plaza’s opportunities to their own use by promoting a competing shopping center in the City of Yonkers, and wrongfully induced the city and the other respondents to terminate Getty Square Plaza’s sponsorship agreement and lease, for which Getty Square Plaza seeks damages of $45,750,000. The petitioners brought a motion to dismiss the aforesaid action in the Federal court on November 8,1973, for lack of Federal jurisdiction, which motion was granted by the Federal court. The dismissal, however, was not on the merits and it is alleged by petitioners that Getty Square Plaza is not barred from pursuing its claim and apparently intends to do so.
Subsequent to the dismissal of Getty Square Plaza’s Federal action, the petitioners instituted an action against Getty Square Plaza in this court by service of a summons. No complaint has been served, but petitioners allege they intend to serve a complaint seeking a declaratory judgment that they are not liable to Getty Square Plaza on any of the theories alleged in Getty Square Plaza’s Federal complaint.
Respondent Getty Square Plaza contends that petitioners are not entitled to the relief which they seek on two grounds: (1) That petitioners’ moving papers are defective in form in that the prescribed procedure for securing a disclosure under subdivision 3 of section 50-h of the General Municipal Law is *478 by the institution of a special proceeding under CPLR article 4 rather than by a motion. Petitioners claim that inasmuch as there are no pleadings, no petition and no notice of petition before the court, there is no proper proceeding before the court on the basis of which a determination should be made. (2) Respondent Getty Square Plaza argues that petitioners’ claim should be denied >on the merits upon the basis that petitioners have not made the requisite showing of “ good cause ” as required by subdivision 3 of section 50-h of the General Municipal Law.
In reference to the showing or lack of showing of “good cause ”, both parties rely upon the case of Schnur v. City of New York (35 A D 2d 665). In the Schnur case, the Appellate Division unanimously reversed on the law, on the facts, and in the exercise of discretion, the orders previously entered at Special Term and denied the application of the defendant-respondent, City of New York, for a protective order and granted the cross motion of the defendant-appellant, Lilia Bonardi, for discovery. In the Schnur case, while the defendant-appellant, Lilia Bonardi, in one aspect stood in a similar position to that of the petitioners in the case at bar in that both were involved in lawsuits having a factual relationship to a claim filed against a municipality, there is a significant distinction in the facts in the case at bar from those in the Schnur case. In the Schnur case, the amended complaint had been served and issue was joined. In the case at bar, no complaint has been served on Getty Square Plaza and the court is only advised that petitioners will serve and file a complaint seeking a declaratory judgment that the petitioners are not liable to the respondent Getty Square Plaza upon any of the theories set forth in the complaint which was dismissed in the Federal action.
It appears that what the petitioners seek is a disclosure of matters brought out in an action in which none of them is a party in order to frame a complaint in another action. If petitioners are entitled to such a discovery in advance of a complaint, they should proceed under subdivision (c) of CPLR 3102. Nevertheless, in a proper ease, this court might be disposed to grant a petitioner or movant relief to which he was clearly entitled even if he had chosen the wrong procedural remedy. In the case at bar, petitioners seek a discovery proceeding to frame a complaint in a declaratory judgment action in which they state they will be “ seeking a declaration that they are not liable to Getty Square Plaza on any of the theories alleged in Getty Square Plaza’s federal complaint”. It seems to this *479 court that if Getty Square Plaza elected to pursue whatever claim, if any, it had against petitioners, and the theory of the complaint was such that petitioners were not liable to Getty Square Plaza, petitioners could move to dismiss the complaint for failure to state a cause of action. It seems doubtful whether petitioners would have a valid basis for a declaratory judgment merely to negate theories of liability set forth in a complaint in a Federal action which has been dismissed, even though the dismissal was not on the merits.
This court finds that petitioners have not shown “ good cause ” as required by section 50-h of the General Municipal Law justifying the discovery sought in petitioner’s motion. Accordingly, the motion is in all respects denied.