George Beisheim, Jr., J.
Petitioners move for leave to renew their motion to inspect and make copies of the transcript of the examination of respondent, Getty Square Plaza Corporation, conducted by the City of Yonkers and other respondents in connection with the claim of Getty Square Plaza against the City of Yonkers and said other respondents on the ground that events which have transpired since the argument of said motion warrant the granting of the same. They also move for leave to reargue the motion on the ground that the court overlooked questions of law which petitioners claim are decisive of their application.
The court denied the original motion on the ground that the proper procedure, if available at all, for the relief sought by petitioners was a special proceeding under article 4 of the CPLR rather than by motion. The court indicated that in a *462 proper case it might be inclined to overlook the procedural defect of petitioners’ application, but held that on the merits petitioners had not shown “ good cause ” as required by subdivision 3 of section 50-h of the General Municipal Law. (76 Misc 2d 476.)
Since the argument of the original motion, the petitioners have served a complaint (previously only a summons had been served) in their declaratory judgment action in this court against Getty Square Plaza, and Getty Square Plaza has served a new complaint in the United States District Court against the petitioners for the same relief as sought in its original complaint which had been dismissed without prejudice on the ground that one of the defendants named therein was a resident of the State of New York by reason of which Getty Square Plaza did not comply with the diversity of citizenship jurisdictional requirement of the Federal court. The new complaint omitted the New York resident as a party defendant. At the time petitioners brought the instant motion, they had moved in the Federal court to stay the Federal action, and Getty Square Plaza had moved in this court to dismiss the complaint in the action for a declaratory judgment.
By reason of the new or additional facts hereinbefore recited, the court grants petitioners’ motion for leave to renew its original motion, and also grants petitioners’ motion for a reargument. On renewal and reargument, however, the motion is denied without prejudice to petitioners’ rights to discovery, if any, in the declaratory judgment action should Getty Square Plaza’s motion to dismiss the complaint be denied, or to petitioners’ rights to discovery, if any, in the Federal action should petitioners’ motion for a stay be denied.
In the event that the complaint in the New York declaratory judgment action be dismissed, petitioners will be in the same or a less favorable position than they were at the time of their original application.
In view of the facts as disclosed in connection with petitioners’ motion for leave to renew its original motion, the court is convinced that this is not ‘ ‘ a proper case ’ ’ to grant petitioners the relief which they seek when they have chosen the wrong procedural remedy. To blaze the trail which petitioners would have this court do would be to establish a precedent leading only to a procedural thicket with consequences which at this time can only vaguely be perceived.